## Agencies for Handling of Funds

BROWN, Deputy Attorney General, July 22, 1942.—
You have requested an opinion as to the legality of
activities on the part of certain individuals and cor-
porations who have set themselves up to transmit
moneys for the customers by some four methods de-
scribed by you.

Briefly, these activities may be summed up as fol-
lows:

1. The establishment of places of business where
various services are rendered, including the cashing
of checks, the making of change, the depositing, as
agent for the customer, of moneys in the customer's
bank, and the obtaining of a notation in the passbook
or other receipt showing the entry of such deposit.

2. The acting as agent for the purpose of paying various utility charges, such as gas, electric and telephone bills.

3. The offering to their customers of checks in exchange for money, in order to permit the customer to forward such checks to others in payment of various and sundry obligations. You compare this to a banking institution selling its cashier's checks, or money orders.

4. The offering to issue their own checks but styling the same as money orders or travelers' checks, in exchange for money received from the customer.

In practically every case the party offering such service to the public describes his or its status as that of agent solely of the customer, and not as agent for the bank or utility, or other recipient of the money or check.

In general, your inquiry is, as stated above, whether or not such transactions may be legally conducted by agencies other than regular banking institutions. If not, it follows, of course, that the individuals or corporations engaging in such activities are invading the banking field, and the public in dealing with such agents does not enjoy the protection which is afforded in its dealings with regular banking institutions.

Section 1505 of the Banking Code of May 15, 1933, P. L. 624, 7 PS §819-1505, provides, in part, as follows:

"A. The only corporations or persons who shall be authorized to engage *in the business of receiving moneys* in this Commonwealth *for deposit or for transmission,* or to establish in this Commonwealth a place of business for the purpose of receiving moneys *for deposit or for transmission,* shall be banks, bank and trust companies, savings banks, and private banks." (Italics supplied.)

It is to be noted that the section above quoted emphasizes the receipt of money for (1) deposit, or (2) transmission. It will be necessary, therefore, in disposing

of the questions raised by your inquiry, to determine if the particular transaction involves the receipt of money for deposit or transmission.

We will dispose of the four situations above described serially:

1. You describe the first activity as embracing such services as the cashing of checks, the making of change, and the carrying to a bank of a deposit for the customer, bringing back the pass book or other receipt showing that the deposit is duly accredited.

Neither the cashing of a check nor the making of change would appear to be an exclusive feature of the banking business, nor do such activities necessarily involve deposit or transmission of money. The acceptance of money for the purpose of depositing the same in a bank, on the other hand, does involve the transmission of money. The legislature certainly has expressed an intention that only banks shall receive and transmit moneys as a regular business. It is our conclusion that the receipt of moneys to the end that they be transmitted to a bank for deposit is within the prohibition of section 1505, supra.

2. The second activity embraces a system whereby utility bills are paid. We presume this could extend to the payment of insurance, taxes, or other obligations where a statement is regularly received.

Undoubtedly this transaction involves the receipt of money for transmission and we feel that this activity is prohibited by section 1505, supra. The fact that the individual or corporation which establishes the business is acting as agent for the party who seeks the service, and not as agent for the utility, would make no difference in our opinion because the prohibition is against the act of receiving and transmitting the money to anyone except one of the banking institutions referred to in section 1505.

3. The third activity embraces the transaction wherein the customer obtains from the corporation or person offering such service the check of the corpo-

ration or the person, in exchange for money, so that the customer may forward such check to others in payment of various and sundry obligations.

You point out that this is similar to banking institutions selling money orders, cashiers' checks, and other evidences of deposit. You suggest that perhaps this transaction constitutes engaging in the banking business.

As we view this type of transaction, however, there is still a receipt of moneys for transmission. While we do not accuse anyone of subterfuge, it would seem that the service rendered is fundamentally no different than the case wherein the money is actually received and transmitted, with or without check, to the one to whom the customer owes an obligation. The mere fact that the check is turned over to the customer for delivery to the third party hardly changes the nature of the transaction. Such activity is prohibited.

We need, therefore, not go into the question of whether or not the issuance of such checks constitutes engaging in the banking business, but it is worthy of note that the term "banking" as defined in the Banking Code, 7 PS §819-2, includes receiving money for deposit or for transmission.

4. The transaction described as four above apparently does not differ greatly from those described as two and three. The only variation seems to be that instead of issuing checks the corporation or person offering such service issues what are termed travelers' checks or money orders in exchange for money received. As recited hereinbefore, we feel that this constitutes a receipt of money for transmission and the same, therefore, is prohibited.

In summary, it is our opinion and you are, therefore, accordingly advised as follows:

1. A corporation or a person not authorized by section 1505 of the Banking Code, 7 PS §819-1505, may not engage in the business of receiving moneys for transmittal to a customer's bank.

2. The somewhat similar activity of receiving money for the purpose of paying utility bills is also prohibited.

3. An operation varied only by the fact that the customer is given the check of the corporation or person establishing such a business, in order to permit the customer to forward such check to others, is likewise prohibited.

4. The issuance by a corporation or a person of its own, or his own, check, for the purpose of transmitting the same, is prohibited even though the checks may be styled as money orders or travelers' checks.